IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| **KAISER ALUMINUM CORPORATION, a** | : | |
| **Delaware Corporation, <u>et al.</u>,** | : | **Case No. 02-10429 (JKF)** |
| | : | |
| Debtors. | : | **Jointly Administered** |
| | : | |
| **MOSS LANDING COMMERCIAL PARK, LLC,** | : | |
| | : | |
| | : | |
| **Appellant,** | : | |
| | : | **Case No. 08-cv-233** |
| **v.** | : | |
| | : | |
| **KAISER ALUMINUM CORPORATION and KAISER ALUMINUM & CHEMICAL CORPORATION,** | : | |
| | : | |
| | : | |
| **Appellees.** | : | |

**MOSS LANDING COMMERCIAL PARK, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF EMERGENCY MOTION TO STAY BANKRUPTCY COURT
ORDER ENFORCING INJUNCTIONS ISSUED IN CONNECTION WITH PLAN OF
REORGANIZATION AND COMPELLING MOSS LANDING TO DISMISS
<u>WITHOUT PREJUDICE ITS LAWSUIT AGAINST DEBTORS</u>**

Mark Minuti (DE No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue,  Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6840

Thomas H. Clarke, Jr. (Cal. Bar No. 47592)
**ROPERS, MAJESKI, KOHN & BENTLEY**
201 Spear Street, Suite 1000
San Francisco, CA  94105
(415) 543-4800

Wendy W. Smith (Cal Bar No. 133887)
**BINDER & MALTER, LLP**
2775 Park Avenue
Santa Clara, CA  95050
(408) 295-1700

Attorneys for Moss Landing Commercial Park, LLC

Dated:  April 24, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION .............................................................................................................. 1

BACKGROUND ................................................................................................................ 2

ARGUMENT..................................................................................................................... 4

I.      BANKRUPTCY RULE 8005 IS A MECHANISM FOR PROTECTING
THE RIGHTS OF PARTIES PENDING APPEAL OF A BANKRUPTCY
COURT'S ORDER ............................................................................................... 4

II.     APPLICATION OF THE STAY FACTORS TO THIS CASE
MANDATES THE ISSUANCE OF A STAY PENDING APPEAL.....................5

      A.     MLCP Will Succeed On The Merits Of The Appeal ..................................5

      B.     MLCP Will Suffer Irreparable Injury Absent A Stay Of
The Order To Dismiss California Action ...................................................9

      C.     Kaiser Will Not Suffer Substantial Injury If The Stay Is Granted .............. 9

      D.     A Stay Of The Order Will Serve The Public Interest................................ 10

CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

**Page**

### CASES

*AM International v. Datacard Corp.*,
106 F.3d 1342 (7th Cir. 1997) ........................................................................................2, 7

*Arnold v. Garlock, Inc.*,
278 F.3d 426 (5th Cir. 2001) ..................................................................................................6

*City of New York v. New York, New Haven, and Hartford R.R.*,
344 U.S. 293 (1953) ..................................................................................................................2

*Davenport v. Neely*,
7 F. Supp. 2d 1219 (M.D. Ala. 1998) ..............................................................................7

*Evans v. Buchanan*,
435 F. Supp. 832 (D. Del. 1977) ........................................................................................4

*Fairfiew Twp v. U.S. EPA*,
593 F. Supp. 1311 (M.D. Pa. 1984),
*aff'd in part, rev'd in part on other grounds sub nom.*
*Fairview Twp., York County, Comm. of Pa. v. U.S. EPA*,
773 F.2d 517 (3d Cir. 1985) ................................................................................................6

*In re Allegheny Health, Educ. & Research Found.*,
252 B.R. 309 (W.D. Pa. 1999)............................................................................................5

*In re Edwards*,
228 B.R. 573 (Bankr. E.D. Pa. 1999) ..............................................................................5

*In re Genesis Health Ventures, Inc.*,
367 B.R. 516 (Bankr. D. Del. 2007)..................................................................................5

*In re Hoekstra*,
268 B.R. 904 (Bankr. E.D. Va. 2000) ..............................................................................6

*In re Holtmeyer*,
229 B.R. 579 (E.D.N.Y. 1999) ............................................................................................6

*In re Lickman*,
301 B.R. 739 (Bankr. M.D. Fla. 2003)..............................................................................6

*In re National Refractories & Minerals Corporation*,
United States Bankruptcy Court for the Northern District of California
Case No. 01-45482-T11 ........................................................................................................8

*In re Roth Am., Inc.*,
90 B.R. 94 (Bankr. M.D. Pa. 1988)....................................................................................5

*In re Zenith Electronics Corp.*,
250 B.R. 209 (D. Del. 2000),
*aff'd sub nom. , Nordhoff Inv., Inc. v. Zenith Elec. Corp.*,
258 F.3d 180 (3d Cir. 2001) ................................................................................................4

*Krafczek v. Excide*,
   C.A. No. 00-1965, 2007 WL 1199530 (E.D. Pa. Apr. 19, 2007) ...................................6, 7

*Meghrig v. KFC W., Inc.*,
   516 U.S. 479 (1996) ..........................................................................................................5, 6

*Republic of the Philippines v. Westinghouse Elec. Corp.*,
   949 F.2d 653 (3d Cir. 1991) ................................................................................................4

*Ruiz v. Estelle*,
   650 F.2d 555 (5th Cir. 1981) ..............................................................................................6

*U.S. v. Hubler*,
   117 B.R. 160 (W.D. Pa. 1990)..........................................................................................5, 6

*Wilcox v. Stroup*,
   358 B.R. 835 (D.S.C. 2006) ...............................................................................................6

## STATUTES

33 U.S.C. § 1365(a)(1) ............................................................................................................6

33 U.S.C. § 1365(b)................................................................................................................3

42 U.S.C. § 6972(A)(1)(b).......................................................................................................3

## INTRODUCTION

Moss Landing Commercial Park, LLC ("MLCP") files this memorandum of law in support of its emergency motion (the "Emergency Motion") under Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for a stay of the order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered on March 27, 2008, and as modified on April 16, 2008, copies of which are attached hereto as **Exhibit "A"** and incorporated by reference herein (the "Bankruptcy Court Order"). The Bankruptcy Court Order mandates that MLCP dismiss its action against Kaiser Aluminum Corporation, *et al.* ("Kaiser") pending in the Northern District of California (the "California Action") by April 9, 2008.

On March 31, 2008, MLCP filed and served a Notice of Appeal from the Bankruptcy Court Order, and filed with the Bankruptcy Court a motion for a stay of the Bankruptcy Court Order (the "Original Stay Motion") and a motion for expedited consideration of that motion. On April 21, 2008, the Bankruptcy Court denied the Original Stay Motion, but allowed a temporary stay of two weeks to allow MLCP to file this motion. Although the order on that hearing has not been issued, MLCP understands that, with the temporary stay, the California Action must be dismissed by May 5, 2008. Consistent with Bankruptcy Rule 8005, MLCP now asks this Court to stay the Bankruptcy Court Order until 30 days after the determination of the appeal. MLCP asks only to be allowed to proceed with discovery in the California Action, but not to go to trial. In support of its Emergency Motion, MLCP shows as follows:

## BACKGROUND

MLCP has brought the California Action (*Moss Landing Commercial Park LLC v. Kaiser Aluminum Corporation, et. al.*, Northern District of California, Case No C07-06072) as provided by the United States Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA") to require Kaiser to remediate the extensive contamination it created during the 40 years it owned certain property in Moss Landing, California ("Moss Landing"), now owned by MLCP. As a result of Kaiser's activity, heavy metals, including chromium, lead and nickel, continue to leach out of the waste Kaiser left and into the soil and ground water, threatening adjacent natural marine sanctuary and state protected wetlands that are home to endangered and threatened biota contaminating drinking-water resources.

Kaiser responded to the California Action by asserting that the California Action violated the injunction created in Kaiser's confirmed reorganization plan pursuant to Bankruptcy Code Section 1141. Kaiser maintained its position notwithstanding that it had to admit that, prior to confirming its plan, Kaiser never gave Nader Agha (MCLP's predecessor-in-interest) formal notice of its confirmation, and that the bankruptcy record establishes that Kaiser knew of Agha's contingent claim at the time. Thus, as a matter of law, no claim of Mr. Agha (or the subsequent entity MLCP) was affected by Kaiser's plan of reorganization. *City of New York v. New York, New Haven, and Hartford R.R.*, 344 U.S. 293 (1953).

Kaiser further argued, contrary to statutes and case-law, that because the California Action for injunctive relief under RCRA and CWA was brought by a private party rather than the government, it could be discharged in Kaiser's plan. This argument contradicts the opinion of the Seventh Circuit in *AM International v. Datacard Corp.*, 106 F.3d 1342 (7th Cir. 1997), which provides that the remedy of pure injunctive relief survives a bankruptcy discharge, independent

of whether the plaintiff is a private party. Kaiser's only support is a single unpublished Bankruptcy decision from Pennsylvania.

Kaiser, of course, has never actually remediated its contamination of Moss Landing, and has not discharged this affirmative duty under either RCRA and CWA by 'settling' it with payment to National Refractories & Minerals Corporation ("National") or to the government.[1] The land remains contaminated by Kaiser's activities.

The California Action to mandate remediation is distinct from any demand of any prior owner or a government agency. RCRA sets forth that a citizen may bring an injunctive action against a contaminating party to mandate remediation unless a government agency is already supervising actual remediation. 42 U.S.C. § 6972(A)(1)(b); *see also* 33 U.S.C. § 1365(b) (providing the same basis for a citizen action in the CWA). Thus Kaiser's agreements with government agencies and with National have no impact on MLCP's ability to bring the California Action.

The Bankruptcy Court granted Kaiser's motion ordering that the California Action be dismissed without prejudice and suggesting that MCLP was required to bring any action against Kaiser before the Bankruptcy Court. MLCP is appealing the Bankruptcy Court Order. As described above, Kaiser has not, and cannot, meet its burden to prove that the injunction created by its reorganization plan prohibits the California Action. A review of the law and the existing record of the case will establish that the MLCP action was never affected by the Kaiser plan because of lack of notice, and because the actions for injunction under RCRA and CWA in the California Action cannot be discharged in bankruptcy.

---

[1]     It must also be noted that, notwithstanding that Kaiser knew of Mr. Agha's ownership of Moss Landing, it failed to give him notice of either of the settlements Kaiser now claims defeat the California Action.

MLCP asks this Court to stay the effect of the Bankruptcy Court Order until after the resolution of the appeal for the sole purpose of retaining the California Action on the docket and allowing discovery to proceed in that action. No matter what the outcome of the appeal, Moss Landing must be cleaned up, and that cannot be done without information from Kaiser. In addition, as suggested by the Bankruptcy Court, Kaiser's obligation to MCLP has not yet been adjudicated even in the Bankruptcy Court. Thus, no matter the outcome of the appeal, Kaiser will have to provide information regarding its waste on Moss Landing. The Federal Rules of Discovery provide a precise tool for the discovery that must proceed. Additionally, the Bankruptcy Court Order is based on an important question of law that has not been decided in the Third Circuit – whether the purely injunctive relief of RCRA and CWA can be discharged when sought by a private party instead of a government agency.

## ARGUMENT

## I.    BANKRUPTCY RULE 8005 IS A MECHANISM FOR PROTECTING THE RIGHTS OF PARTIES PENDING APPEAL OF A BANKRUPTCY COURT'S ORDER

Bankruptcy Rule 8005 permits the Court to grant a stay of execution of an order pending an appeal. *In re Zenith Elec. Corp.*, 250 B.R. 209, 215 (D. Del. 2000), *aff'd sub nom.*, *Nordhoff Inv., Inc. v. Zenith Elec. Corp.*, 258 F.3d 180 (3d Cir. 2001).

For the Court to grant a stay pending appeal of the Bankruptcy Court Order, MLCP must show that (i) MLCP will likely succeed on the merits of its appeal; (ii) MLCP will be irreparably injured absent a stay; (iii) the issuance of the stay will not substantially injure the other parties interested in the proceeding; and (iv) the granting of the stay will not harm the public interest. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991); *see also Evans v. Buchanan*, 435 F. Supp. 832, 841 (D. Del. 1977). The Court must balance all of

these elements, as no single factor is necessarily outcome determinative. *In re Allegheny Health, Educ. & Research Found.*, 252 B.R. 309, 321 (W.D. Pa. 1999); *see also In re Roth Am., Inc.*, 90 B.R. 94, 95 (Bankr. M.D. Pa. 1988) ("[T]hese four factors structure the inquiry. However, no one aspect will necessarily determine its outcome . . . proper judgment entails a 'delicate balancing of all elements'") (citations omitted). As demonstrated below, all four elements of the test are satisfied in this case and, therefore, MLCP's Emergency Motion should be granted.

## II. APPLICATION OF THE STAY FACTORS TO THIS CASE MANDATES THE ISSUANCE OF A STAY PENDING APPEAL

### A. MLCP Will Succeed On The Merits Of The Appeal

The first element of the stay test is satisfied, as MLCP has a very strong case and will succeed on the merits of its appeal. The primary matter on appeal here addresses the always-difficult interface between environmental law and bankruptcy. The Bankruptcy Court Order turns on the Bankruptcy Court's determination that, injunctive relief under RCRA and CWA, if sought by a government agency, would not be discharged, but when brought by a private citizen can be treated as a "claim" and discharged under Kaiser's plan. Without the Bankruptcy Court's distinction between a "private" and "public" action for remediation, the injunctive-relief portion of the California Action is, by definition, not a claim and thus not affected by the injunction in Kaiser's plan. *U.S. v. Hubler*, 117 B.R. 160, 164 (W.D. Pa. 1990); *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 487-88 (1996).

There is no Third Circuit authority addressing this issue. Courts within the Third Circuit have recognized, however, that where there is no clear precedent on the legal issue on appeal the showing of "likelihood of success" otherwise required to argue the need for a stay is substantially reduced. *See In re Genesis Health Ventures, Inc.*, 367 B.R. 516, 521 (Bankr. D. Del. 2007); *In re Edwards*, 228 B.R. 573, 576-77 (Bankr. E.D. Pa. 1999) (finding that because

precedent was clearly established by relevant Third Circuit authority no "substantial questions of law" were presented that would cause the court to "relax the application of the [likelihood of success] factor").[2]

Kaiser cites only one unpublished case, *Krafczek v. Excide*, C.A. No. 00-1965, 2007 WL 1199530 (E.D. Pa. Apr. 19, 2007), to support its argument to deny a private citizen the injunctive relief of RCRA and CWA. This single opinion is inconsistent with the broad range of cases that confirm that a bankruptcy case cannot discharge the purely-injunctive relief provided under RCRA and CWA. The Supreme Court in *Meghrig*, 516 U.S. at 487-88, held that the injunctive relief under RCRA does not allow a party who is forced to clean-up a site to sue for those response costs in lieu of seeking an injunction. The same is true for injunctive relief under the CWA. 33 U.S.C. § 1365(a)(1); *see Fairfiew Twp. v. U.S. EPA*, 593 F.Supp. 1311, 1315 (M.D. Pa. 1984), *aff'd in part*, *rev'd in part on other grounds sub nom. Fairview Twp., York County, Comm. of Pa. v. U.S. EPA*, 773 F.2d 517 (3d Cir. 1985) ("[m]onetary damages are not available under the Clean Water Act…"). Without the ability to convert the injunctive remedy into a claim for money, it cannot be discharged in bankruptcy. *U.S. Hubler*, *supra.*.

---

[2]   Courts outside of the Third Circuit have held that the likelihood of success factor can be satisfied where a party demonstrates that a substantial, difficult, or doubtful legal question is presented and the equitable balancing of hardships tips in the movant's favor. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001) ("[T]he appellant 'need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay.'") (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)); *Wilcox v. Stroup*, 358 B.R. 835, 838 (D.S.C. 2006); *In re Lickman*, 301 B.R. 739, 743 (Bankr. M.D. Fla. 2003) ("A 'likelihood of success is shown when the movant has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry.'") (internal citations omitted); *In re Hoekstra*, 268 B.R. 904, 906 (Bankr. E.D. Va. 2000) (finding that where complex question of law is presented and balance of hardships tips in movant's favor, then movant "need only show some reasonable likelihood of success on the merits"); *In re Holtmeyer*, 229 B.R. 579, 582 (E.D.N.Y. 1999) (stating that court must consider "the likelihood that the party seeking the stay will succeed on the merits of the appeal *or* a serious question going to the merits and a tipping of the equities in favor of the movant") (emphasis added).

The Seventh Circuit issued a detailed opinion in *AM International v. Datacard Corp.*, 106 F.3d at 1342, which held that the RCRA and CWA injunctive actions against a post-discharge debtor were not discharged even though the claim was brought as a "citizen suit". *AM International v. Datacard Corp.*, 106 F.3d at 1349. The decision in *AM International* addressed almost identical facts as were before the Bankruptcy Court. There, as here, the party seeking the relief had purchased from the debtor's successor, and, as here, was a private party. The *AM International* court held that the actions were not discharged in the bankruptcy because they sought only injunctive relief. (The actions under CERCLA, however, were discharged because they sought monetary relief.) It is important to note that the court's decision preserving injunctive relief did not rely on the length of time the debtor had held the property. The court also rejected the debtor's claim that *Datacard,* the complainant, was simply bringing a "veiled" suit for money recovery. *Id. See also, Davenport v. Neely*, 7 F. Supp. 2d 1219, 1234 (M.D. Ala. 1998) (holding a private-citizen's action to enforce an agreement to remediate contamination was not discharged in bankruptcy).

In contrast, a closer examination of the thin reasoning in the *Excide* case relied on by Kaiser reveals a confusion of the meaning of a "claim" under section 101. Without discussing whether the action of the plaintiff constituted a "claim" at all, the court ignored the Supreme Court cases that prohibit converting the injunction remedy provided by RCRA and CWA into a 'damages' claim. The opinion also ignores the statutory provisions of RCRA and CWA that specifically allow a private party to enforce environmental laws.

Neither this Court nor the Third Circuit have addressed the unique position of the *Excide* opinion that would effectively deny a private citizen the injunctive remedies RCRA or CWA by 'discharging' the debtor's obligation in bankruptcy. Given the extraordinary importance of

environmental issues, it is essential that this matter be resolved. This is particularly the case in this district where such a large number of corporate bankruptcies are filed.

This issue alone is sufficient to establish that MLCP meets the initial tests to show it has a sufficiently "strong case on appeal" to obtain a stay of the Bankruptcy Court Order. In addition, MLCP's appeal is based on Kaiser's failure to deny the evidence that it knew of MLCP's contingent claim before Kaiser's confirmation hearing. (There is no question that Kaiser never provided any formal notice.) The Bankruptcy Court acknowledges that Kaiser knew that Mr. Agha (MLCP's predecessor) was the successful bidder for the Moss Landing property, and that Kaiser objected to the sale. What was not made clear was that Kaiser knew the property was actually sold to Mr. Agha. On review, the record shows that Kaiser held a lien on Moss Landing.[3] The record also reveals, in Kaiser's motion to approve its settlement with National, that the Moss Landing property was in fact, sold. As Mr. Agha was the only permitted buyer, it must be assumed that Kaiser knew who bought the property.[4] This record, once fully reviewed, reveals that Kaiser knew of MLCP as a contingent creditor before the confirmation hearing, did not provide notice, and thus cannot discharge its claims.

There can be no doubt that MLCP raises serious issues of law in its appeal and has satisfied the requirement of presenting a compelling appeal to support its motion for a stay of the Bankruptcy Court Order.

---

[3]   Declarations of John M. Donnon in support of Motion of Reorganized Debtors to...Enforce Injunctions, etc., Exhibit D "Notice of Motion and Motion for Order Authorizing Sale of Moss Landing Property to Nader T. Agha or Higher Bidder" filed October 25, 2003 in *In re National Refractories & Minerals Corporation,* United States Bankruptcy Court for the Northern District of California, Case No. 01-45482-T11, showing Kaiser as a lien-holder on Moss Landing.

[4]   Motion of Debtors and Debtors in Possession for an Order Approving Settlement Agreement with National Refractories & Minerals Corporation...p. 6 ¶ 17 [Bankr. Docket No. 4051], stating that "all of the assets subject to Kaiser's junior security interest have been liquidated..." The Settlement Agreement itself, attached as an Exhibit to the motion specifically describes ongoing contamination problems and states that the Moss Landing property was sold in December 2003 (to Mr. Agha, the successful bidder.) Settlement Agreement p. 6 ¶ 20.

**B.**    **MLCP Will Suffer Irreparable Injury Absent A Stay Of The Order To Dismiss California Action**

The contamination at Moss Landing continues to leach out, contaminating groundwater and threatening adjacent wildlife habitats and an important national marine sanctuary. Local government agencies are demanding action now. The remediation, however, cannot proceed effectively until Kaiser provides crucial information regarding its past activities - just what was put into the ground and when. Without this information it will be extremely difficult to understand the degree of current risk to both the adjacent protected wildlife and the water supply of the area, and to implement an adequate remedy. Even if Kaiser's older information is not available, obtaining any records that Kaiser may have regarding environmental monitoring and testing will be essential to understanding the conditions on the property.

The only way to obtain this crucial information is through discovery. There is no question that any delay in this process irreparably injures MLCP as is it impairs its ability to understand this ongoing and dangerous condition, and to assess what action must be taken.

**C.**    **Kaiser Will Not Suffer Substantial Injury If The Stay Is Granted**

Kaiser cannot be injured by the stay because the information MLCP seeks must be provided whether or not the appeal succeeds. Even if MLCP were forced to file a claim in the bankruptcy case, the same discovery would be necessary. The purpose of RCRA and CWA actions is to enforce environmental regulations. As MLCP has not yet been able to address Kaiser's contamination, not even to accurately determine its scope, it cannot know at this time what would be the cost. Therefore, if the Court were to rule that a bankruptcy denies all private parties the ability to bring RCRA and CLW actions against the debtor (which is effectively what the Bankruptcy Court Order says), then to allow any recovery at all would force an estimation of

a money claim. That process, in turn, would require the same discovery as will proceed in the California Action.

Finally, MLCP is not asking that the trial proceed, only that discovery commence (and that Kaiser answer the complaint). Therefore the resulting stay will have virtually no negative impact on Kaiser.

### D.    A Stay Of The Order Will Serve The Public Interest

The public interest is the most important element requiring a stay in this case.  It is essential to begin with discovery so that the extent and danger of the contamination on the property is determined.  This is not merely an argument about paying for some past wrong, or even liquidating a claim, but the enforcement of laws to protect drinking water and threatened environments. There really is no justification to delay collecting the information through discovery in the California Action, for it is crucial in remediating Kaiser's contamination at Moss Landing.

## CONCLUSION

For the reasons set forth above MLCP respectfully requests that the Court enter a stay of the Bankruptcy Court Order until the disposition of the pending appeal for the sole purpose of allowing discovery in the California Action to proceed.

Mark Minuti (DE No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue,  Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6840

-and-

Thomas H. Clarke, Jr. (Cal. Bar No. 47592)
**ROPERS, MAJESKI, KOHN & BENTLEY**
201 Spear Street, Suite 1000
San Francisco, CA  94105
(415) 543-4800

-and-

Wendy W. Smith (Cal Bar No. 133887)
**BINDER & MALTER, LLP**
2775 Park Avenue
Santa Clara, CA  95050
(408) 295-1700

*Attorneys for Moss Landing Commercial Park LLC*

Dated:  April 24, 2008

# Exhibit A

March 27, 2008 and April 16, 2008 Orders

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : **Jointly Administered** |
| KAISER ALUMINUM CORPORATION, | : **Case No. 02-10429 (JKF)** |
| a Delaware corporation, <u>et al.</u>, | : |
| | : **Chapter 11** |
| Debtors. | : |
| | : |

| | |
|---|---|
| KAISER ALUMINUM CORPORATION, | : |
| <u>et al.</u>, | : |
| | : **Hearing Date: 02/25/08 @ 11:15 a.m.** |
| Movants, | : **Re: Docket Nos. 9650, 9670, 9671, 9672,** |
| | : **9673, 9674 and 9675** ⊲ 9682 |
| v. | : **Agenda Item No. 5** |
| | : |
| MOSS LANDING COMMERCIAL | : |
| PARK LLC, | : |
| | : |
| Respondent. | : |

### ORDER ENFORCING INJUNCTIONS ISSUED IN CONNECTION WITH THE SECOND AMENDED JOINT PLAN OF REORGANIZATION AND COMPELLING MOSS LANDING COMMERCIAL PARK LLC TO DISMISS WITHOUT PREJUDICE ITS LAWSUIT AGAINST KAISER ALUMINUM CORPORATION AND KAISER ALUMINUM & CHEMICAL CORPORATION

This matter coming before the Court on the Motion of Reorganized Debtors to

(A) Enforce Injunctions Issued in Connection with the Second Amended Joint Plan of

Reorganization and (B) Compel Moss Landing Commercial Park LLC to Dismiss, with

Prejudice, its Lawsuit Against Kaiser Aluminum Corporation and Kaiser Aluminum & Chemical

Corporation (the "Motion"), filed by the above-captioned Reorganized Debtors;[1] the Court

having (a) entered an order approving the Consent Decree, (b) entered the Confirmation Order

and (c) reviewed the Motion and all other related pleadings; the Court finding that (a) the Court

---

[1] All capitalized terms not otherwise defined herein have the meanings given to them in
the Motion.

RLF1-3261271-1

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Article XIII of the Plan and Section XII of the Confirmation Order, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was sufficient under the circumstances; and the Court having determined that, for the reasons set forth on the record at the hearing on the Motion, there is just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Within ten days after entry of this Order, MLCP shall dismiss its lawsuit against KAC and KACC without prejudice.

3. This Court shall retain jurisdiction over the Reorganized Debtors and MLCP with respect to any matters relating to or arising from the Motion or the implementation of this Order.

Dated: March 21ᵗʰ, 2008

*Judith K. Fitzgerald*

UNITED STATES BANKRUPTCY JUDGE

SAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **KAISER ALUMINUM CORPORATION, a** | : | **Case No. 02-10429 (JKF)** |
| **Delaware Corporation, et al.,** | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |

| | | |
|---|---|---|
| **KAISER ALUMINUM CORPORATION, et al.,** | : | |
| | : | |
| **Movants,** | : | |
| | : | |
| v. | : | |
| | : | |
| **MOSS LANDING COMMERCIAL PARK LLC,** | : | **Related to Docket No. 9690** & 9706 |
| | : | |
| **Respondent.** | : | |

## MODIFIED ORDER ENFORCING INJUNCTIONS ISSUED IN CONNECTION WITH THE SECOND AMENDED JOINT PLAN OF REORGANIZATION AND COMPELLING MOSS LANDING COMMERCIAL PARK LLC TO DISMISS WITHOUT PREJUDICE ITS LAWSUIT AGAINST KAISER ALUMINUM CORPORATION AND KAISER ALUMINUM & CHEMICAL CORPORATION

This matter having come before the Court on The Motion of Reorganized Debtors to (A) Enforce Injunctions Issued in Connection with the Second Amended Joint Plan of Reorganization and (B) Compel Moss Landing Commercial Park LLC to Dismiss, with Prejudice, its Lawsuit Against Kaiser Aluminum Corporation and Kaiser Aluminum & Chemical Corporation (the "Motion"), filed by the above-captioned Reorganized Debtors;[1] the Court having entered an order on March 27, 2008 granting the Motion (the "Original Order") [Docket No. 9690]; and Moss Landing Commercial Park LLC ("Moss Landing") having filed the (x) Emergency Motion to Stay Order Enforcing Injunctions Issued in Connection with Plan of Reorganization and Compelling Moss Landing to Dismiss without Prejudice its Lawsuit Against

---

[1]    All capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Debtor (the "Emergency Motion") [Docket No. 9693] and (y) Motion for Order Shortening Notice Period and Scheduling a Hearing on its Emergency Motion to Stay Order (the "Motion to Shorten") [Docket No. 9694]; and the Court having scheduled a hearing on the Emergency Motion for April 21, 2008 (the "Stay Hearing"); it is hereby **ORDERED** that:

1.      The Original Order is modified only as set forth herein, all other terms shall remain in full force and effect.

2.      The deadline in paragraph 2 of the Original Order for Moss Landing to dismiss its lawsuit is extended through and including the Stay Hearing.

_Judith K. Fitzgerald_
Judith K. Fitzgerald
United States Bankruptcy Judge

Dated: April 16, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| **KAISER ALUMINUM CORPORATION, a** | : | |
| **Delaware Corporation, <u>et al.</u>,** | : | **Case No. 02-10429 (JKF)** |
| | : | |
| Debtors. | : | **Jointly Administered** |

| | | |
|---|---|---|
| **MOSS LANDING COMMERCIAL PARK,** | : | |
| **LLC,** | : | |
| | : | |
| **Appellant,** | : | |
| | : | **Case No. 08-cv-233** |
| **v.** | : | |
| | : | |
| **KAISER ALUMINUM CORPORATION and** | : | |
| **KAISER ALUMINUM & CHEMICAL** | : | |
| **CORPORATION,** | : | |
| | : | |
| **Appellees.** | : | |

### <u>CERTIFICATE OF SERVICE</u>

I, Mark Minuti, Esquire of Saul Ewing LLP hereby certify that on April 24, 2008, service of the foregoing **Moss Landing Commercial Park, LLC's Memorandum Of Law In Support Of Emergency Motion to Stay Bankruptcy Order Enforcing Injunctions Issued in Connection With Plan of Reorganization and Compelling Moss Landing to Dismiss Without Prejudice Its Lawsuit Against Debtor** was made on the following parties in the manner indicated.

| | |
|---|---|
| Daniel J. DeFranceschi, Esquire | Gregory M. Gordon, Esquire |
| Jason M. Madron, Esquire | Daniel P. Winikka, Esquire |
| Richards, Layton & Finger, P.A. | Debra K. Simpson, Esquire |
| One Rodney Square | Jones Day |
| P.O. Box 551 | 2727 North Harwood Street |
| Wilmington, DE 19899 | Dallas, TX 75201 |
| **(Via Hand Delivery)** | **(Via Electronic Mail and** |
| | **First Class U.S. Mail** |

558266.1 4/24/08

Mark Minuti (No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840