

Mark Minuti
Phone: (302) 421-6840
Fax:   (302) 421-5873
mminuti@saul.com
www.saul.com

April 24, 2008

**BY HAND**
Clerk's Office
United States District Court
 for the District of Delaware
844 North King Street, Room 4209
Wilmington, DE 19801

    RE:    In re Kaiser Aluminum Corporation, et al.,
              Case No. 02-10429 (JKF) (Bankr. D. Del.)
              Moss Landing Commercial Park, LLC v. Kaiser Aluminum
              <u>Corporation, et al. (Case No. 08-cv-233)</u>

Dear Sir or Madam:

       We represent Moss Landing Commercial Park, LLC ("MLCP"). We are writing to request that the enclosed motion for stay pending appeal (the "Motion") and accompanying memorandum of law (the "Memorandum") be delivered to the Duty Judge for immediate approval of (or an emergency hearing on) MLCP's request for a stay of the Bankruptcy Court's March 27, 2008 Order [Bankr. Docket No. 9692], as later modified by an order dated April 16, 2008 [Bankr. Docket No. 9713] (collectively the "Order") which requires MLCP to dismiss environmental litigation instituted by MLCP against reorganized debtors Kaiser Aluminum Corporation, *et al*. ("Kaiser") in the United States District Court for the Northern District of California (the "California Action"). We understand that the file in this matter has recently been transferred to this Court, but the matter has not yet been assigned to a Judge or given a case number.

       As set forth more fully in the Motion and Memorandum, MLCP filed the California Action as provided by the United States Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA") to require Kaiser to remediate a serious environmental hazard on property owned by MLCP which was formerly owed by Kaiser. Kaiser responded to the California Action by asserting that the California Action violated the injunction created in Kaiser's confirmed reorganization plan pursuant to Bankruptcy Code Section 1141. Kaiser maintained its position notwithstanding that it had to admit that, prior to confirming its plan, Kaiser never gave Nader Agha (MCLP's predecessor-in-interest) formal notice of its confirmation, and that the bankruptcy record establishes that Kaiser knew of Agha's contingent claim at the time. Thus, as a matter of law, no claim of Mr. Agha (or the subsequent entity

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 222 Delaware Avenue, Suite 1200 ♦ Wilmington, DE 19801-1611

BALTIMORE   CHESTERBROOK   HARRISBURG   NEWARK   PHILADELPHIA   PRINCETON   WASHINGTON   WILMINGTON

557824.1 4/24/08          A DELAWARE LIMITED LIABILITY PARTNERSHIP

Clerk, United States District Court
for the District of Delaware
April 24, 2008
Page 2

MLCP) was affected by Kaiser's plan of reorganization. *New York v. New York, New Haven, and Hartford R.R.*, 344 U.S. 293 (1953).

Kaiser further argued that, contrary to statutes and case law, because the California Action for injunctive relief under RCRA and CWA was brought by a private party rather than the government, it could be discharged in Kaiser's plan. This argument contradicts the opinion of the Seventh Circuit in *AM International v. Datacard Corp.*, 106 F.3d 1342 (7th Cir. 1997), which provides that the lack of discharge of injunctive relief is independent of whether the plaintiff is a private party. Kaiser's only support is a single unpublished Bankruptcy decision from Pennsylvania.

The Bankruptcy Court incorrectly accepted Kaiser's arguments and entered the Order requiring MLCP to dismiss the California Action without prejudice.

Consistent with Bankruptcy Rule 8005, MLCP must show this Court why it did not obtain a stay from the Bankruptcy Court. On March 31, 2008, we filed a motion asking the Bankruptcy Court to stay the Order pending appeal. At a hearing on April 21, 2008, the Bankruptcy Court denied MLCP's motion and it is anticipated that a written order will be entered by the Bankruptcy Court in the next few days which will require MLCP to dismiss the California Action on or before May 5, 2008.

Accordingly, we would respectfully request that this Court consider the Motion as soon as possible. We appreciate the Court's attention to this matter. Of course, we are available to discuss this matter at the Court's convenience.

                                          Respectfully submitted,

                                          Mark Minuti

MM/rew
Enclosures
cc:    Daniel J. DeFranceschi, Esq. (w/encs.) (via Hand Delivery)
        Jason M. Madron, Esq. (w/encs.) (via Hand Delivery)
        Gregory M. Gordon, Esq. (w/encs.) (via Electronic Mail/U.S. Mail)
        Daniel P. Winikka, Esq. (w/encs.) (via Electronic Mail/U.S. Mail)
        Debra K. Simpson, Esq. (w/encs.) (via Electronic Mail/U.S. Mail)
        Thomas H. Clarke, Jr., Esq. (w/encs.) (via U.S. Mail)
        Wendy W. Smith, Esq. (w/encs.) (via U.S. Mail)