IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| KAISER ALUMINUM CORPORATION, a | : | |
| Delaware Corporation, et al., | : | Bankr. Case No. 02-10429-JKF |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| MOSS LANDING COMMERCIAL PARK, | : | |
| LLC, et al., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | Civil Action No. 08-233-JJF |
| | : | |
| KAISER ALUMINUM CORPORATION | : | |
| and KAISER ALUMINUM & | : | |
| CHEMICAL CORPORATION, | : | |
| | : | |
| Appellees. | : | |

Wendy W. Smith, Esquire of BINDER & MALTER, LLP, Santa Clara, California.
Thomas H. Clarke, Jr., Esquire of ROPERS, MAJESKI, KOHN & BENTLEY, San Francisco, California.
Mark Minuti, Esquire of SAUL EWING, LLP, Wilmington, Delaware.

Attorneys for Appellants.

Gregory M. Gordon, Esquire and Daniel P. Winikka, Esquire of JONES DAY, Dallas, Texas.
Daniel J. DeFranceschi, Esquire and Jason M. Madron, Esquire of RICHARDS, LAYTON & FINGER, P.A.

Attorneys for Appellees.

**MEMORANDUM OPINION**

January 21, 2009
Wilmington, Delaware.

Farnan, *Joseph J. Farnan* District Judge

Pending before the Court is an appeal filed by Moss Landing Commercial Park, LLC ("Moss Landing") of the March 27, 2008 Order of the Bankruptcy Court (the "Order") requiring Moss Landing to dismiss without prejudice the action it filed against the Reorganized Debtors, Kaiser Aluminum Corporation and its related entities ("Kaiser"), in the Northern District of California seeking, among other things, injunctive relief requiring Kaiser to remediate environmental contamination it caused to land purchased by Moss Landing prior to the confirmation of Kaiser's Plan (the "California Action"). For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court.

I. **PARTIES' CONTENTIONS**

By its appeal, Moss Landing contends that a bankruptcy discharge does not apply to actions against a reorganized debtor for injunctive relief. Moss Landing further contends that Kaiser failed to provide it with actual notice of the confirmation hearing on the Plan, and therefore, Moss Landing cannot be bound by the Plan because it was a known creditor.

In response, Kaiser contends that the claims in the California Action are barred by the injunctions issued in connection with the confirmed Plan, which enjoin all entities from commencing or continuing any action against Kaiser on account of any claim or liability arising on or before the

1

effective date of the Plan.  Kaiser contends that Moss Landing was not entitled to notice of the confirmation hearings. Specifically, Kaiser contends that it sold the property at issue to National Refractories & Minerals Corporation ("National Refractories") in 1984, and the environmental conditions on the property were well documented when Moss Landing later purchased the property from National Refractories.  National Refractories owned the land when Kaiser commenced its bankruptcy case and filed a proof of claim involving remediation of the property. Kaiser subsequently entered into a settlement agreement with National Refractories in which National Refractories represented that it had not assigned the proof of claim or any part thereof to any third party.  Kaiser points out that Moss Landing never asserted any claim in the Kaiser bankruptcy case, despite its actual knowledge of the proceeding, and therefore, it was not entitled to notice.

Kaiser also contends that Moss Landing has alternatively moved for money damages in the California action.  Because Moss Landing's injunctive claims can be converted to claims for money damages, Kaiser contends that those claims are barred by the Plan's injunction.

II. **STANDARD OF REVIEW**

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  In undertaking

a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See <u>Am. Flint Glass Workers Union v. Anchor Resolution Corp.</u>, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" <u>Mellon Bank, N.A. v. Metro Communications, Inc.</u>, 945 F.2d 635, 642 (3d Cir. 1991) (citing <u>Universal Mineral, Inc. v. C.A. Hughes & Co.</u>, 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a <u>de novo</u> basis in the first instance. <u>In re Telegroup</u>, 281 F.3d 133, 136 (3d Cir. 2002).

## III. DISCUSSION

In pertinent part, Kaiser's Plan and Confirmation Order provide that "the rights afforded under the Plan and the treatment of Claims and Interests under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims . . . arising on or before the Effective Date" and the "Confirmation will, as of the Effective Date: (i) discharge

3

the Debtors from all Claims or other debts and Interests that arose on or before the Effective Date. . . ." (App. Ex. A, A372, 376). Further, the Plan and Confirmation Order provide that "all entities that have held, currently hold or may hold a Claim or other debt or liability . . . that is discharged, released, waived, settled or deemed satisfied in accordance with the Plan will be permanently enjoined from taking any of the following actions on account of any such Claims, debts, liabilities, Interests or rights: (a) commencing or continuing in any manner any action or other proceeding against the Reorganizing Debtors, the Reorganized Debtors or the property of any of them, other than to enforce any right pursuant to the Plan to a distribution . . . and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the Plan." (Id. at A372, A378-A379). These types of Plan provisions are considered to be critical to the "fresh start" provided for debtors through the Bankruptcy Code. In re Cont'l Airlines, Inc., 236 B.R. 318, 325-326 (Bankr. D. Del. 1999), aff'd 279 F.3d 226 (3d Cir. 2002).

In this case, the Bankruptcy Court was presented with a motion by Kaiser to enforce the Plan injunction. In adjudicating that motion, the Bankruptcy Court stated:

> What I need to decide today is whether or not the [California] lawsuit that's pending is appropriate because the motion is to enforce the plan injunction, and it seems to me at this stage, that motion should be

4

> granted, and the plan injunction should be enforced, that the debtor does appear to have put into its plan the discharge with respect to these claims that Moss Landing should be compelled to dismiss its lawsuit, although the debtor's asking with prejudice. I don't think that's appropriate. I think it should be without prejudice for this reason: I think that Moss Landing has the entitlement to come before this Court and attempt to prove that it should be able to, if it chooses, to file a late proof of claim on whatever theory it has to advance. And if it can in fact prove that the debtor knew that it was an actual creditor and didn't provide notice, then, you know, we may be off to the races on a different track, but nonetheless, I think its remedy in the first instance is here, not in the Federal District Court [in California]. So, I'm going to grant the debtor's motion in part and deny it in part. I will enforce the injunction, require the complaint to be dismissed without prejudice pending some further rulings by this Court if Moss Landing choose to commence some action here.

(App. Ex. G at A545).

Reviewing the Bankruptcy Court's Order and accompanying oral ruling in light of the applicable standard of review, the Court concludes that the Bankruptcy Court's decision was not erroneous. It is not disputed that at least some of the claims asserted in the California Action relate to monetary damages, including claims for civil penalties, indemnification and contribution for all liabilities costs and expenses incurred by Moss Landing, and attorneys' fees. (App. Ex. I at A346-A369). These claims clearly fall within the purview of the Plan's injunction. In these circumstances, the Court cannot conclude that the Bankruptcy Court erred in holding that the initiation of the California Action violated the Plan injunction.

5

To the extent that Moss Landing contends it is not bound by the Plan's injunction because (1) it is a known creditor who did not receive notice of the Plan, and/or (2) its claims for injunctive relief are not within the scope of the Plan, the Court notes that the Bankruptcy Court did not foreclose relief to Moss Landing.  Rather, the Bankruptcy Court determined that such issues should be considered, in the first instance, through Bankruptcy Court procedures such as seeking relief from the injunction before filing the California Action or filing a late proof of claim.  Accordingly, the Court concludes that the Bankruptcy Court did not err in enforcing the Plan's Injunction.

**IV.   CONCLUSION**

For the reasons discussed, the Court will affirm the March 27, 2008 Order of the Bankruptcy Court.

An appropriate Order will be entered.